```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

WILLIAM O. ATKINS, et al.,      )
                                )
                Plaintiff,      )
                                )
     v.                         )    No.  05 C 6109
                                )
CITY OF CHICAGO (CHICAGO POLICE )
DEPARTMENT), et al.,            )
                                )
                Defendants.     )
```

<u>MEMORANDUM ORDER</u>

On October 18, 2006 counsel for the defendants collectively referred to as "Chicago Police Officers," pointing to the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Act"), 745 ILCS 10/8-101, presented a written motion to dismiss (which was then joined orally by counsel for defendant City of Chicago) the portion of the First Amended Complaint ("FAC") that asserted state law claims. When this Court indicated its inclination to grant those motions because the original Complaint in this action was filed more than a year after "the injury was received or the cause of action accrued," plaintiffs' counsel stated his view that relevant caselaw called for a different result. This Court then directed counsel for the parties to file cross-submissions on or before October 27, identifying the authorities on which they respectively relied. Both of those submissions are now in hand.

When it comes to state law claims, <u>Erie v. Tompkins</u> principles require this federal court to ascertain Illinois law

as announced by its Supreme Court. In this instance that court had occasion to deal definitively with the scope of the Act in Paszkowski v. Metro. Water Reclamation Dist. of Greater Chicago, 213 Ill.2d 1, 12-13, 820 N.E.2d 401, 408 (2004). In that 4-3 decision the majority of the Justices gave the Act the broadest possible sweep, holding that it "necessarily controls over other statutes of limitation or repose." Indeed, Justice Fitzgerald's dissent (speaking for himself and two other colleagues) began by characterizing the majority's application of the Act "broadly to any possible claim against a local governmental entity and its employees" in this fashion (id. at 14, 820 N.E.2d at 409):

> Today's decision unjustifiably expands this rationale into a universal statement applicable to every claim against a local government or its employee.

It is clear that all seven of the Illinois Supreme Court Justices have read the sweep of the Act in the same way, and this Court is of course duty bound to follow that reading. Accordingly all of the state law claims in the FAC are dismissed as time-barred.

                                          _/s/ William D. Shadur_____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: November 3, 2006