```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

WILLIAM O. ATKINS,                 )
                                   )
                  Plaintiff,       )
                                   )
    v.                             )    No.  05 C 6109
                                   )
CITY OF CHICAGO, et al.,           )
                                   )
                  Defendants.      )
```

## MEMORANDUM ORDER

Although this Court may have to accept some degree of fault for having allowed the persistence of counsel for plaintiffs William Atkins ("William") and Adam Atkins ("Adam")(collectively "Atkinses") to cloud the issues, the principal reason for the procedural confusion that exists in this case is the Energizer-Bunny-type efforts of Atkinses' counsel to keep going and going and going. At the August 22, 2007 status hearing in the case, counsel for the parties advised that our Court of Appeals had requested briefing from them regarding the finality (and hence the appealability) of this Court's ruling pursuant to Fed. R. Civ. P. ("Rule") 25(a) that has become the subject of a July 23, 2007 notice of appeal by Atkinses' counsel. That has led to this Court having the entire case docket printed out for its review.

Here are the critical entries revealed by that review:

   1. On October 17, 2006 this Court, in an oral ruling (Dkt. 91), granted (a) the motion by the City of Chicago and its police officer defendants (collectively "City

Defendants") for dismissal of the 42 U.S.C. §1983 ("Section 1983") claims asserted against them in the First Amended Complaint ("FAC")[1] and (b) directed the parties to provide citations as to the caselaw applicable to the FAC's Illinois state law claims by Williams against the City Defendants on or before October 27.

2. On November 3, 2006 this Court issued its written memorandum order (Dkt. 95) dismissing all of William's state law claims against the City Defendants as time-barred.

3. Those orders were not dispositive of all aspects of the case because of a complicating factor: In the interim certain other individual defendants (those affiliated with the Illinois Department of Corrections, collectively "Department Defendants") had taken an appeal from this Court's ruling on their claims of qualified immunity (Court of Appeals No. 06-3296). On September 7, 2006 that court granted the motion of one of the Department Defendants, Roger Walker ("Walker"), for his voluntary dismissal as an appellant, specifying however:

> This appeal remains open as to the appeal of the other appellants.

That remains true as of this date.

4. On December 9, 2006 Atkinses' counsel moved to

---

[1] That ruling disposed of all of Adam's claims, which were set out in FAC Count I.

"amend" the previously-dismissed FAC, tendering a proposed Second Amended Complaint ("SAC"). That action was taken even though this Court had admonished Atkinses' counsel in its October 17 oral ruling (Tr. at 10-11) that an effort to plead over would be entertained only:

> [i]f you think that you can in objective good faith present a Complaint that's of a different nature from the one that has been tendered up to now that basically supports the notion of no legal seizure in the first instance, recognizing that the consequences of that illegal seizure are going to run only in terms of whatever damages may be sustained by reason of that seizure between the time of the seizure and the turnover.

Both Walker (who had by then returned to this District Court) and the City Defendants opposed that effort, in part on their incorrect premise that it was untimeliness because they thought the earlier dismissals had constituted a final order (as indicated earlier, that was obviously not the case, because the claims against the Department Defendants still remained unresolved). But for a different reason--because Atkinses' counsel had not heeded this Court's October 17 admonition, but appeared instead to be reasserting the same issues--this Court denied leave to file the SAC on December 13, 2006.

It is against that backdrop that the situation posed by William's death and the operation of Rule 25(a) should be viewed. In that respect, this Court's June 22, 2007 oral rulings that

(1) granted the defense motion to dismiss William and (2) denied his counsel's motion to substitute a party plaintiff in his place (Dkt. 157 and 158) left no claim pending against City Defendants (Adam's claims against them having previously been dismissed).

Under the circumstances, and in an effort to avoid concerns as to the appealability of this Court's Rule 25(a) ruling that is the subject of Court of Appeals No. 07-2757, this Court expressly determines that there is no just reason for delay and expressly directs the entry of a final judgment dismissing William's claims against the City Defendants and Walker. This Court understands such a determination to be appropriate even though claims remain pending against the other Department Defendants (see, e.g., Continental Cas. Co. v. Anderson Excavating & Wrecking Co., 189 F.3d 512, 516, 517-18 (7th Cir. 1999) and Nat'l Metalcrafters v. McNeil, 784 F.2d 817, 821 (7th Cir. 1986)).[2]

                                 */s/ Milton I. Shadur*
                                 Milton I. Shadur
                                 Senior United States District Judge

Date: August 24, 2007

---

[2] Whether and to what extent the claims against the other Department Defendants may be mooted by the absence of a party plaintiff appears to be a matter for the Court of Appeals' determination, for those defendants are now before that court.