```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

Brandie Atkins, as personal      )
representative of the Estate     )
of William Atkins, deceased,     )
and Adam Atkins,                 )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )      05 C 6109
                                 )
City of Chicago, et al.,         )
                                 )
          Defendants.            )
```

## MEMORANDUM ORDER

During a February 5, 2009 status hearing held to discuss the basis or bases on which this action is to go forward, plaintiffs' counsel raised the prospect of a potential 42 U.S.C. §1983 ("Section 1983") claim that the City of Chicago ("City") had violated the constitutional rights of the late William Atkins ("William")[1] by failing to provide him with bedding or a pillow or a mattress during his short (one-night) stay at the City jail before he was turned over to the state authorities. In response to this Court's directive to plaintiffs' counsel to provide citations supporting the asserted unconstitutionality of such treatment so as to ground a Section 1983 claim, some two weeks later counsel provided several citations from other jurisdictions--but not a single case from our Court of Appeals,

---

[1]This memorandum order employs William's first name rather than his surname to distinguish him from the co-plaintiff, his brother Adam Atkins ("Adam").

which of course sets the standards that this Court is duty bound to follow.

This Court directed plaintiffs' counsel to cure that deficiency as soon as possible, but 10 days have passed with no further input. In the meantime, little time and effort was needed for this Court's able law clerk to locate what counsel had <u>not</u> provided, even though he had been duty bound in the first instance to have furnished this Court with adverse as well as favorable precedent on the subject at issue (see this District Court's LR 83.53.3(a)(3) and the identical Illinois Supreme Court Rule of Professional Conduct 3.3(a)(3)). Although both of those rules speak in terms of legal authority "known to the lawyer to be directly adverse to the position of the client," it is hardly an acceptable excuse for a lawyer to say that he did not know of adverse authority because he didn't do the necessary search--particularly where, as here, counsel did enough homework to come up with eight cases from <u>other</u> jurisdictions.

In any event, one of the cases that this Court's law clerk has turned up is <u>Stephens v. Cottey</u>, 145 Fed.App'x 179, 2005 WL 1971700 (7th Cir. Aug. 17), in which our Court of Appeals rejected claims under both the Due Process Clause and the Eighth Amendment by a plaintiff who had been held at a county jail for eight days with insufficient bedding--three days with no mattress, so he had to sleep directly on the metal bedframe, and

five days with no bedframe, forcing him to sleep on a mattress on the floor. Because <u>Stephens</u> is so directly in point, this Court quotes the opinion at length, including its citations to numerous authorities that preceded it and that had established the identical principles (145 Fed. App'x 181):

> Moreover Stephens failed to show that his ordeal was an atypical and significant hardship. See <u>Wilkinson v. Austin</u>, 545 U.S. 209, 125 S.Ct. 2384, 2394, 162 L.Ed.2d 174 (2005); <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In determining whether prison conditions meet this standard, courts place a premium on the duration of the deprivation, <u>Arce v. Walker</u>, 139 F.3d 329, 336 (2d Cir.1998), and we have held that more extended and serious burdens than the one Stephens endured do not amount to a deprivation of a liberty interest. See, e.g., <u>Lekas v. Briley</u>, 405 F.3d 602, 612 (7th Cir.2005) (90-day disciplinary segregation with severe restrictions on exercise, group worship, work, and educational opportunities not atypical or significant); <u>Thomas v. Ramos</u>, 130 F.3d 754, 760-62 (7th Cir.1997) (70-day confinement with another inmate in one-man cell for 24 hours a day does not implicate liberty interest). Summary judgment on this claim was appropriate.
>
> Stephens also challenges in general terms the district court's resolution of his Eighth Amendment conditions-of-confinement claim. But summary judgment was proper here as well because Stephens failed to prove that he suffered an extreme deprivation. <u>Delaney v. DeTella</u>, 256 F.3d 679, 683 (7th Cir.2001). As is the case under the Due Process Clause, a short-term deprivation is less serious for Eighth Amendment purposes than a long-term one. <u>Tesch v. County of Green Lake</u>, 157 F.3d 465, 476 (7th Cir.1998); <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir.1996). Sleeping for three days on a bedframe without a mattress is not extreme, see <u>Johnson v. Pelker</u>, 891 F.2d 136, 138-39 (7th Cir.1989), and neither is sleeping for five days on a mattress without a bedframe, <u>Rodgers v. Thomas</u>, 879 F.2d 380, 383-84 (8th Cir.1989). See also Mann v. Smith, 796 F.2d 79, 85 (5th Cir.1986) (the Constitution does not require elevated beds for prisoners); <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1575 (11th Cir.1985) (same).But cf. <u>Lyons v. Powell</u>, 838 F.2d 28, 31 (1st Cir.1988) (pretrial detainee stated a claim by

alleging that he had to sleep on a mattress on the floor for 27 days).

Here the rejection of William's claim based on the conditions at the City jail follows a fortiori from Stephens and like cases. Plaintiff's counsel has recently filed "Plaintiff's Motion To Allow Adam Atkins To Proceed Against the Defendants," which sets out the background facts in detail and discloses that William's stay in City custody was only for a single night, when as the motion says,

> William spent the night in jail without a mattress, bedding, pillow, sheets, blankets and so forth.

Accordingly that putative claim will not be part of the Section 1983 mix to be entertained on William's behalf, now advanced by Brandie Atkins as personal representative of his decedent's estate. This Court will deal with co-plaintiff Adam's situation on receipt of the further submission or submissions it has requested in that respect.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 2, 2009