IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRANDIE ATKINS, etc., et al.,      )
                                   )
              Plaintiffs,          )
                                   )
     v.                            )      No.  05 C 6109
                                   )
CITY OF CHICAGO, et al.,           )
                                   )
              Defendants.          )

MEMORANDUM ORDER

Once again counsel for plaintiffs has responded to a directive from this Court in a somewhat nonresponsive way.  This memorandum order will deal with a letter response from counsel dated March 6 (but delivered to this Court's chambers on March 11) and with the materials accompanying that letter, this time reducing the directions to written form in the hope that no further potential for confusion can arise.

First, as to any asserted constitutional violation suffered by the late William Atkins ("William") at the figurative hands of the City of Chicago ("City"), this Court's March 2, 2009 memorandum order ("Order") has already explained why the single claim that William had made, based on his one-night stay at the City jail, did not implicate the Constitution and was therefore nonactionable under 42 U.S.C. §1983 ("Section 1983").  This Court's citation of Stephens v. Cottey in the Order was simply exemplary of a group of Seventh Circuit cases, all of which compel the same conclusion, with Stephens having been singled out

because of its thorough explication of the basic principles involved.

Now William's counsel has weighed in by submitting a single citation--Antonelli v. Sheahan, 81 F.3d 1422 (7th Cir. 1996)-- that counsel refers to as "an additional citation" that he tenders "[f]or whatever it is worth."  But this Court was not only well aware of Antonelli from its prior dealings with claims about conditions at the Cook County Jail, but that case was also cited in Stephens to distinguish its situation from the type of short-term deprivation claimed by William.

Nothing in counsel's newest submission supports any Section 1983 claim against City.  On that score there is no room for fanciful speculation at this stage of an action that is approaching its fourth anniversary.  This case will go forward without City as a target for William's estate to shoot at.

As for William's brother Adam Atkins ("Adam"), this Court is awaiting defense counsel's input as to his asserted Section 1983 claim.  It will then evaluate the submissions already made by Adam's counsel in light of defendants' presentation.

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 12, 2009