```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

BRANDIE ATKINS, etc.,            )
                                 )
                Plaintiff,       )
                                 )
     v.                          )    No.  05 C 6109
                                 )
CITY OF CHICAGO, et al.,         )
                                 )
                Defendants.      )
```

                        MEMORANDUM ORDER

In response to the motion by attorney Joseph Longo ("Longo") to allow Adam Atkins ("Adam") to "proceed with his lawsuit against the defendants for violating his constitutional rights," counsel for the group of defendants identified as "City Defendants" has just filed a response requesting that the motion be denied. This Court has reviewed the voluminous docket in this action as well as the motion and response, and this memorandum order explains why the motion is ill-conceived and does indeed call for denial.

It is unnecessary to chart the checkered history of this litigation, because a single order--a <u>final</u> order--controls the outcome. After issuing a number of interlocutory rulings (one of which became the subject of an appeal based on this Court's August 24, 2007 determination under Fed. R. Civ. P. ("Rule") 54(b) that there was no just reason for delay and the express direction of entry of a final judgment dismissing the claims of then-deceased William Atkins ("William")), on November 28, 2007

this Court dismissed all remaining aspects of the action as to which jurisdiction remained, thus dismissing the action in its entirety--see attached Dkt. No. 184. Although Longo had previously represented both Adam and William and although he then had an appeal pending as to William's August 24 dismissal, he did not then or thereafter take any appeal on Adam's behalf.

It is true that the subsequent opinion by our Court of Appeals, which reversed the August 24, 2007 dismissal as to Brandie Atkins (William's widow and now the personal representative of his decedent's estate) and ordered her reinstatement as plaintiff, contained this parenthetical statement (Atkins v. City of Chicago, 547 F.3d 869, 872 (7th Cir. 2008)):

> Actually Longo had and has a live client, Adam Atkins, whose case remains pending in the district court. It is because the order dismissing William Atkins's case was entered as a final judgment under Rule 54(b) that we have appellate jurisdiction.

But that statement was mistaken, based on Longo's failure to keep the Court of Appeals apprised of the actual situation (another instance of what Atkins, id. at 874 spoke of when it stated "Attorney Longo confused matters terribly"), and that mistake does not alter the accuracy of what has been said here.[1]

---

[1] One consequence of any Rule 54(b) determination is that two courts--the Court of Appeals and the District Court--have contemporaneous jurisdiction over the case, with each free to operate on the aspect or aspects of the case that are before it.

2

There is simply no justification for Longo's attempt to resuscitate Adam's claim or claims more than a year after the entry of a final judgment dismissing him from the case. Rule 60(c)(1) provides:

> A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Longo's motion on Adam's behalf clearly flunks those standards, and this Court accordingly denies the motion.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 3, 2009

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
Eastern Division

Adam Atkins, et al.

                Plaintiff,

v.

City Of Chicago, et al.

                Defendant.

Case No.: 1:05−cv−06109
Honorable Milton I. Shadur

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, November 28, 2007:

      MINUTE entry before Judge Milton I. Shadur : TMotion to dismiss [181] is granted; This Court's chambers file and its review of the docket reflect that: 1. On October 17, 2006 this Court granted the then−pending motions of the City of Chicago and its related defendants (Dkt. 80 and 82) to dismiss the First Amended Complaint except for its state law claims (see Dkt. 91). 2. On November 3, 2006 this Court dismissed the state law claims previously excepted from the October 17 order, finding those state law claims to be time−barred. Accordingly the granting at today's motion hearing (without objection from opposing counsel) the motion for dismissal by defendants self−characterized as "Other State Defendants" disposes of all remaining aspects of this action as to which this Court may have remaining jurisdiciton, and this action is accordingly dismissed in its entirety. Motion hearing held on 11/28/2007 regarding motion to dismiss[181] ; Civil case terminated. Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.