IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRANDIE ATKINS, etc.,              )
                                   )
              Plaintiff,           )
                                   )
     v.                            )    No.  05 C 6109
                                   )
CITY OF CHICAGO, et al.,           )
                                   )
              Defendants.          )

MEMORANDUM OPINION AND ORDER

Counsel for Brandie Atkins, who has taken over the claim of her now-deceased husband William Atkins ("Atkins"), who was the original plaintiff in this 42 U.S.C. §1983 ("Section 1983") action,[1] has sought to respond to the Fed. R. Civ. P. ("Rule") 56 summary judgment motion and supporting papers that have been filed on behalf of one of the defendants, Illinois Department of Corrections Director Roger Walker ("Walker"). To that end Atkins has submitted two filings:

1. a package of responsive materials in hoped-for compliance with this District Court's LR 56.1 and

2. a motion to stay Walker's Rule 56 motion "until discovery is completed."

Because the first of those filings has failed to come to grips

---

[1] As a matter of convenience, this opinion will be written as though Atkins were still the plaintiff. That usage will simplify the presentation without introducing any potential confusion.

with Walker's motion, that motion is granted.[2]  That of course renders the motion to stay moot.

Although Walker's summary judgment Motion at 2 correctly complained of the failure of Atkins' counsel to state whether Walker was being sued in his individual capacity, his official capacity or both in the then-extant First Amended Complaint, that appears to have been cleared up by counsel's filing of what he labels as a Second Amended Complaint ("SAC") contemporaneously with the summary judgment response.  Among other things, that SAC has set out a new Count VII that purports to target Walker as an individual and a new Count VIII that lumps Walker with a host of other known and unknown defendants.  Those charges will be addressed here seriatim.

First, even though Count VII purports to be advanced against Walker in his individual capacity, its gravamen is his asserted failure to train and to institute policies and procedures that could have prevented Atkins' prolonged detention.  For the most part, however, such claims are by their very nature not reflective of personal or individual functions, but rather things done or not done in Walker's official capacity (cf. Brown v.

---

[2] For purposes of this opinion, Atkins' substantive claim that his constitutional rights were violated by his 37-day detention resulting from his misidentification as another "William Atkins" has been assumed to state a viable claim--though not against Walker, as the ensuing discussion reflects.  Whether that claim can in fact be maintained against one or more of the other defendants remains for future determination.

2

Budz, 398 F.3d 904, 918 (7th Cir. 2005), Sanville v. McCaughtry, 266 F.3d 724, 739-40 (7th Cir. 2001) and cases cited there). And that in law would amount to a claim against the State of Illinois, a proposition established almost a quarter century ago in Kentucky v. Graham, 473 U.S. 159, 166 (1985). In that respect Walker has properly cited Hafer v. Melo, 502 U.S. 21, 25 (1991), which reiterated that principle. Because the Eleventh Amendment would bar such a claim, summary judgment would have to be granted in that respect.[3]

    To the extent that Atkins can instead portray Walker's asserted failure to create policies and procedures as his individual conduct, which appears counterintuitive but will be assumed arguendo for this purpose, that effort plainly runs afoul of qualified immunity on Walker's part. During the time at issue (and indeed up to the present) no reported authority cited by Atkins (and none of which this Court has any knowledge) has announced--or even suggested--a plaintiff's constitutional right to compel prison authorities to adopt policies and procedures of the kind that would prevent the kind of detention about which Atkins complains. In the absence of any such precedential authority, no state actor such as Director Walker can be mulcted in damages under Section 1983. Here too no area of discovery

---

[3] As indicated earlier, any request for added discovery in that regard rings hollow.

could add anything to the legal mix.

To turn to Count VIII, that is simply an attempt by Atkins to throw Walker into a grab bag of possible defendants on what is patently an impermissible respondeat superior approach barred by <u>Monell v. Dep't of Social Servs. of City of New York</u>, 436 U.S. 658, 691 (1978)  No <u>personal</u> involvement by Walker in the acts charged in that count has taken place, ergo there is no predicate for a Section 1983 or other federal claim.  Once again any asserted need for discovery is a red herring.  And once again summary judgment in Walker's favor is called for.

It is plain from Atkins' Rule 56 response that no other claim has been suggested that is sustainable against Walker (as contrasted with other defendants who had hands-on responsibility for Atkins' detention).  What has been urged instead is a repetition of Atkins' complaint about his protracted stay, in no aspect of which Walker had any personal involvement.

In sum, Walker's Rule 56 motion is granted in its entirety. Because neither side has weighed in on the appropriateness or inappropriateness of an accompanying Rule 54(b) determination, this Court will await any input that either or both sides may proffer in that respect.

Something more should be added as to the wholly unsatisfactory nature of Atkins' purported SAC.  As this Court advised counsel during today's status and motion hearing, during

which this Court notified the parties of this forthcoming opinion, what is needed instead is a self-contained pleading (in this instance a Third Amended Complaint ("TAC")) that accurately reflects the current posture of this case, limited to the currently remaining parties and remaining claims.[4] Accordingly Atkins' counsel has orally been ordered to file a proper TAC on or before May 15, and defense counsel has been ordered to file a response to that pleading on or before May 29. Finally, the next status hearing has been set for 9 a.m. July 31, 2009.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 1, 2009

---

[4] In that respect this Court pointed out that SAC's Count VI could not properly add new defendants so many years after the incident involved here, for no relation back under Fed. R. Civ. P. 15(c) would be available for that purpose. Atkins' counsel acknowledged that orally during today's hearing, and the TAC may therefore not include any addition of newly-named defendants.

5