```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


  ADAM ATKINS, et al.,              )
                                    )
          Plaintiffs,               )
                                    )
     vs.                            )   No. 05 C 6109
                                    )
  CITY OF CHICAGO, et al.,          )   Chicago, Illinois
                                    )   February 5, 2009
          Defendants.               )   9:00 o'clock a.m.


          TRANSCRIPT OF PROCEEDINGS - STATUS HEARING
           BEFORE THE HONORABLE MILTON I. SHADUR

APPEARANCES:


 For the Plaintiff:       LAW OFFICE OF JOSEPH A. LONGO
                          MR. JOSEPH A. LONGO
                          2100 West Haven
                          Mount Prospect, Illinois 60056
                          847-640-9490


 For the Defendant:       ILLINOIS ATTORNEY GENERAL
                          MR. JAMES A. LANG
                          MS. RACHEL J. FLEISCHMANN
                          100 West Randolph Street
                          Chicago, Illinois a60601
                          312-814-5694


 Court Reporter:          FEDERAL OFFICIAL COURT REPORTER
                          MS. KRISTA BURGESON
                          219 South Dearborn Street
                          Chicago, Illinois 60604
                          312-435-5567
                          Krista_Burgeson@ilnd.uscourts.gov
```

1         THE CLERK: 05 C 6109, Atkins versus City of Chicago.

2         MR. LONGO: Your Honor, good morning to you. Joe
3 Longo for the plaintiff.

4         MR. LANG: James Lang, Assistant Attorney General for
5 the defendants.

6         MS. FLEISCHMANN: And Rachel Fleischmann as well.

7         THE COURT: Good morning. I appreciate Mr. Longo's
8 providing me with what is characterized as statement of
9 unresolved issues.

10         I do want to talk a little bit about that before we
11 get into what our posture is because one aspect about that,
12 Mr. Longo, troubles me, which is you filed something before
13 the 7th Circuit that referred to my having granted summary
14 judgment.

15         MR. LONGO: Yes.

16         THE COURT: And asking for a clarification.

17         MR. LONGO: Yes.

18         THE COURT: You know I denied summary judgment.

19         MR. LONGO: Right, that was an error, and I corrected
20 it.

21         THE COURT: You corrected it where?

22         MR. LONGO: I corrected it in the 7th Circuit
23 indicating that the defendants had first filed a summary
24 judgment motion and then --

25         THE COURT: Wait a minute.

1   What I see is that you requested an order and they
2   then entered an order of clarification, so-called, that said,
3   Oh, well, we meant to reverse that, too.
4         MR. LONGO:  Right.
5         THE COURT:  Now, did you file something later?
6         MR. LONGO:  Yes, I did.
7         THE COURT:  Why didn't I get that?
8         MR. LONGO:  I believe I put it in my -- I think it is
9   an exhibit here, Exhibit 2.
10        THE COURT:  Wait just a minute.  Wait, wait, wait.
11        Exhibit 2?
12        MR. LONGO:  See, because what happened after that,
13  your Honor, is --
14        THE COURT:  I'm sorry.
15        Exhibit 2 is a December 3rd, 2008, order from the
16  7th Circuit that says --
17        MR. LONGO:  I apologize.
18        THE COURT:  (Continuing) -- that says, "In response
19  to the request for a clarification filed on November 24th, we
20  confirmed that in ordering a reversal of the dismissal we also
21  reversed the grant of summary judgment to the City.
22        MR. LONGO:  I apologize.
23        It is Exhibit 3.  I had the paper folded and I only
24  saw two Roman Numerals.
25        THE COURT:  One minute.

1    MR. LONGO:  If you would look at --
2    THE COURT:  Wait.  Wait just a minute.
3    MR. LONGO:  Sure.
4    THE COURT:  Now I have read Exhibit 3, and Exhibit 3
5  is talking about a totally different subject, it is not
6  talking about the fact that you made a mischaracterization to
7  the Court of Appeals.
8    MR. LONGO:  On Page 2, Paragraph 1, it says --
9    THE COURT:  Wait just a minute.
10   Page 2, Paragraph 1.
11   The paragraph numbered 1 or the first paragraph?
12   MR. LONGO:  According to my English teacher,
13 Paragraph 1 would be, In the District Court, the City --
14   THE COURT:  Well, okay.
15   But what you haven't done is -- I mean, that is a
16 sort of throwaway casual sentence.
17   What you did is to make a misrepresentation to the
18 7th Circuit that led it to issue an order that was in error.
19   Now, it seems to me that not just giving a casual one
20 sentence thing that is lost in the middle of the substantive
21 contention that you are making, and I am not criticizing the
22 substantive contention, you have a responsibility, both to the
23 Court of Appeals and to this Court, to make plain that you had
24 misled them by seeking that, and asking that that order be
25 withdrawn.

| | |
|---|---|
| 1 | MR. LONGO:  I didn't mislead them, your Honor. |
| 2 | THE COURT:  Yes, you did. |
| 3 | MR. LONGO:  There was no intent involved. |
| 4 | THE COURT:  There may not have been an intent, but |
| 5 | you misled them. |
| 6 | Look, you got an order -- let me try again. |
| 7 | MR. LONGO:  Sure. |
| 8 | THE COURT:  You got an order that asks them to |
| 9 | clarify something that did not need clarification because |
| 10 | there was no grant of summary judgment. |
| 11 | So, the last order that you attach here from the |
| 12 | Court of Appeals is an order of December 3rd in which they |
| 13 | say, Oh, yes, we wanted to make sure that it is clear that we |
| 14 | did, indeed, reverse the grant of summary judgment. |
| 15 | MR. LONGO:  Your Honor, though, isn't the intent or |
| 16 | shall we say the substance of what I was requesting the |
| 17 | clarification of -- |
| 18 | THE COURT:  No, and I beg your pardon. |
| 19 | When I used to practice law in ancient days and I |
| 20 | made a mistake, I acknowledged the mistake. |
| 21 | MR. LONGO:  Absolutely. |
| 22 | THE COURT:  Now, you made a mistake here and you |
| 23 | ought to correct it.  That is all I am talking about. |
| 24 | MR. LONGO:  Okay.  I will be happy to. |
| 25 | THE COURT:  Your obligation to correct it is for you |

1  to go back to the Court of Appeals and say that you -- and you
2  can characterize it as inadvertent, I am not telling you what
3  to --
4      MR. LONGO:  If I made a mistake, I made a mistake.
5      THE COURT:  And I need to ask that that be vacated
6  because of the fact that there was no grant of a summary
7  judgment.
8      MR. LONGO:  That is correct, your Honor, and I am
9  glad to do that.
10     I am wondering though, your Honor, the substance of
11 my motion was requesting clarification of the judgment for the
12 City, so be it a dismissal or summary judgment motion, the
13 substance of the motion was asking for clarification.
14     But I am happy to correct it.
15     THE COURT:  All of us, on both sides of the bench,
16 get boring when we start to repeat ourselves in candor.
17     Let me try again.
18     MR. LONGO:  I understand.
19     THE COURT:  Now, you have a responsibility to
20 discharge it.
21     MR. LONGO:  Yes.
22     THE COURT:  That is a discretion, I know, but it is
23 very troublesome when you get something like that which
24 somehow you are essentially saying to the Court of Appeals,
25 Oh, you forgot to cover something, and you are saying that

1   there was an order entered that was not entered.
2           So, you have an obligation to clear the record on
3   that.
4           MR. LONGO:  And I will do that, your Honor.
5           But your Honor, though, what if it just said
6   judgment, would the -- what the Court of Appeals indicated to
7   us was --
8           THE COURT:  Let me try again.
9           Do I really have to explain again?
10          MR. LONGO:  No, you don't.
11          THE COURT:  I hope I don't have to.
12          File something that makes it plain that you
13  mischaracterized what had been done as a grant of summary
14  judgment when, in fact, summary judgment was denied, and
15  accordingly, the clarification that you requested really was
16  unnecessary, and then asking them to vacate that order of
17  December 3rd.
18          Okay?
19          Now, let's go back to what I had hoped this was going
20  to be, which is talking about going forward.
21          Where are we in terms of moving forward in our case
22  at this stage, either side?
23          MR. LONGO:  Well, your Honor, there are a couple of
24  unresolved issues, and I think to answer your question as far
25  moving forward, we would proceed on discovery, or continue

1 with discovery, depending upon how your Honor wishes to view
2 the posture of the case.
3     As I point out on Page 5, your Honor had granted the
4 motion to dismiss of the City defendants, and the City
5 defendants had filed a motion to dismiss based upon the claim
6 regarding this identification and did not address the claim of
7 their failure to provide bedding, a pillow, a mattress, to
8 Mr. Atkins, or really to anybody else for that matter.
9     Now, I mentioned this because the City had never
10 argued this at all, but yet summary judgment was granted to
11 them -- or rather a dismissal was granted to them completely.
12     I mentioned this in a motion, I believe a motion to
13 -- for reconsideration I believe at one time, and the City
14 acknowledges, as you can see on Page 5 in their Appellate
15 brief, that they did not make the arguments.
16     In fact, it says right here in the block quote,
17 second paragraph of the block quote on Page 5, The State
18 defendants are --
19     THE COURT:  I read it.
20     All right.
21     MR. LONGO:  I'm sorry.
22     THE COURT:  I know the City's position, and there has
23 been a lot of case law about this, about the conditions at the
24 County Jail over the years, indeed I had the somewhat doubtful
25 pleasure of supervising for about a period of ten years a case

1  that I had inherited from Judge Waszkowski dealing with the
2  conditions of County Jail, and there has been substantial
3  case law about the failure to make provisions.
4         Now, I don't know whether you view that as an
5  essential integral part of your claim, but if you do, it seems
6  to me that probably what ought to be done is for both sides to
7  cite whatever authorities they rely on in terms of saying,
8  Yes, it is, or, No, it is not, a Constitutional violation, and
9  keep in mind that the claim that you are making has to do with
10 your client, even though it may be, you know, policy based.
11        So, that is what we are talking about.
12        MR. LONGO:  Were you referring to the fact that he
13 has now passed away?
14        THE COURT:  No, no, no.
15        I haven't talked about whether that survives or not,
16 that is a separate issue, but what I am saying is if the
17 parties want to address that, the way to do that is to provide
18 whatever case law authority you think either supports or the
19 City thinks does not support that being a Constitutional
20 violation.
21        MS. FLEISCHMANN:  Your Honor, if I could just point
22 out the obvious, the City is not here today, and I am not sure
23 why not.
24        THE COURT:  That is Geri Yanow, isn't it?
25        Sandy, isn't Geri Yanow on this case?

1    THE CLERK:  I believe so.

2    THE COURT:  Try calling her.  It is 744-2387.

3    THE CLERK:  Okay.

4    THE COURT:  Thank you.

5    I see three lawyers on a case where there are three

6  lawyers and I just made an assumption, a mistaken one.

7    MS. FLEISCHMANN:  Kathleen Ford was the attorney for

8  the State.  She is on maternity leave.

9    THE CLERK:  Voice mail, Judge.

10   THE COURT:  Voice mail, okay.

11   My file, it goes back a long time, of course, had

12 reflected only Ms. Yanow as being counsel, but I don't know,

13 was there any other assistant that you know of that we could

14 call on behalf of the city?

15   MR. LONGO:  Ernie Mincy at one time was involved, I

16 don't know if he is now.  I don't know.

17   But generally you are right, your Honor, Geri would

18 appear.  I believe one time Ernie Mincy came, but I don't know

19 if he was just covering or what.

20   THE COURT:  I would suspect so.

21   MS. FLEISCHMANN:  I could be completely wrong, your

22 Honor, but they may think they are completely dismissed out

23 and no longer a pending party.

24   THE COURT:  But that is not what came out of the

25 Court of Appeals.

1    MR. LANG:  No, it is not.

2    THE COURT:  Sandy, didn't I assume that a notice went
3 out to all counsel?

4    THE CLERK:  Did you all receive something
5 electronically?

6    MR. LANG:  Yes.

7    MR. LONGO:  Yes, I did.

8    THE COURT:  Yes, yes.

9    They may have had that misimpression, but I am
10 puzzled.  Okay.

11   So, I guess we can't -- with Ms. Yanow not being
12 available, we are really sort of in the position of the sound
13 of one hand clapping.

14   I am reluctant to involve all of you with a second
15 trip because of that, and maybe the thing to do, although I
16 know Sandy hates this, is try to set up a conference call in
17 which all three active participants would be on so we can
18 simply talk about procedures and schedule.

19   MS. FLEISCHMANN:  We can come in.

20   MR. LONGO:  If that is okay, yes, instead of --

21   THE COURT:  Maybe we should -- okay.

22   Let's set it over for -- what is our best day maybe
23 next week, Sandy?

24   THE CLERK:  I hate to say this, but it is Friday the
25 13th.

1    MR. LONGO:  Could we make it the Friday after that,
2 the 20th?
3    THE COURT:  I think I have 9:00 o'clock open.
4    THE CLERK:  That is fine.
5    MR. LONGO:  Or 8:45, whatever is best for your Honor.
6    THE COURT:  9:00 o'clock is okay.
7    MR. LONGO:  Okay.
8    THE COURT:  And let me suggest this, so that it is
9 not a matter of total lost time, I would urge that in the
10 meantime you would -- let me make a note here first.
11    I would urge that in the meantime you confirm on
12 yourselves about moving forward and procedures in that regard
13 including, for example, the thing that we just started to talk
14 about, and that is that if there is going to be an assertion
15 about conditions at the County Jail, that is something you
16 would be dealing with between yourselves, and what I would
17 want on that would be, as I say, simply the citations to
18 whatever authorities you may rely on.  You don't have to file
19 briefs.  I will read the cases that either say aye or nay as
20 to whether that aspect of conditions at the jail constitutes a
21 constitutional deprivation.  Okay?
22    So, I would assume, because it only involves
23 providing citations, I assume that you could provide that by
24 let's say a week from tomorrow, by the 13th, unless that is a
25 problem for anybody?

1    MS. FLEISCHMANN:  I think that would be the City's
2 issue and not our issue.
3    THE COURT:  But we are talking, aren't we now, about
4 the County jail?
5    MR. LONGO:  City jail.
6    THE COURT:  Oh, the City jail.
7    MS. FLEISCHMANN:  Mr. Atkins was briefly in the City
8 jail and then taken to the DOC.
9    THE COURT:  Oh, all right.
10    I see.
11    MS. FLEISCHMANN:  So, that is why with the City not
12 being here, that is their issue.
13    THE COURT:  All right.
14    Talk with Ms. Yanow, and because it will be a new
15 matter to her, let's say that we will get that
16 submission/cross submission -- now, the 16th is President's
17 Day, and it is a Federal holiday, so let's have it -- let's
18 make sure we get it delivered to chambers, simply citations as
19 I say, by the 17th, so I have had a chance to take a look at
20 those before the 20th.
21    MR. LONGO:  Just like in a letter form?
22    THE COURT:  A letter is fine, just give me whatever
23 citations you are relying on.
24    MR. LONGO:  Okay.
25    THE COURT:  And the same way for the City.

1    Then I would urge that the three parties confer among
2 yourselves in terms of what the next discovery steps ought to
3 be in terms of moving the case forward so that we can talk on
4 an informed basis on the 20th as to all parties.
5    Okay?
6    MR. LONGO:  Your Honor, one other thing.
7    THE COURT:  Yes.
8    MR. LONGO:  You probably noticed it in our statement
9 of unresolved issues which your Honor had requested, we
10 mentioned Adams Atkins, and we would need a decision by your
11 Honor.
12    It is our contention that there was no probable cause
13 to stop him at all, no probable cause to stop the car, no
14 probable cause to handcuff him, to put guns to his face, to
15 drag him, or to throw him against the car.
16    THE COURT:  On the issue of probable cause, you ought
17 to take a look at the most recent opinions out of the Supreme
18 Court --
19    MR. LONGO:  Arizona versus --
20    THE COURT:  (Continuing) -- that have really changed
21 the ground rules quite dramatically in terms of giving more
22 leeway.
23    The Herring case may well have something to say in
24 that respect, and as I say, the recent case law has really
25 toughened things up in favor of law enforcement people.  And

1  I am not expressing any view as to my impression of that, but
2  it is certainly true, and so you ought to take a look at that.
3      MR. LONGO:  The Herring case?
4      THE COURT:  The Herring case.
5      And also, there are a couple of others that within
6  the last couple of weeks came out.  Read Law Weekend or the
7  Advance Sheets, you will see a movement on the part of the
8  Supreme Court in one direction.
9      Okay then.
10     So, I will see you on the 20th, and in the meantime,
11 I would appreciate it if everybody would move along the lines
12 that I have talked about so we can have that as a constructive
13 one.
14     In the meantime, Mr. Longo, you will take care of the
15 thing I mentioned at the beginning?
16     MR. LONGO:  I will correct that.
17     THE COURT:  Yes, okay.
18     Thank you.
19     MR. LANG:  So, is that a conference call on the 20th
20 or is it --
21     THE COURT:  No, actually in court.
22     MS. FLEISCHMANN:  Come in, okay.
23     MR. LANG:  Okay.
24     MR. LONGO:  Have a nice day.
25     (Proceedings concluded.)

1 **C E R T I F I C A T E**

2

3    I certify that the foregoing is a correct transcript
4 from the record of proceedings in the above-entitled matter.

5

6
  /s/Krista Burgeson, CSR, RMR, CRR    February 5, 2009
7 Federal Official Court Reporter      Date

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25