IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRANDIE ATKINS, etc.,           )
                                )
            Plaintiff,          )
                                )
    v.                          )   No. 05 C 6109
                                )
CITY OF CHICAGO, et al.,        )
                                )
            Defendants.         )

## MEMORANDUM OPINION AND ORDER

Attorney Joseph Longo ("Longo"), now counsel for Brandie Atkins, next of kin and personal representative of the estate of original coplaintiff William Atkins ("William"), as well as having been counsel for earlier-dismissed coplaintiff Adam Atkins ("Adam"), continues to sound the same refrain: As the result of a misidentification in the course of William's original arrest, he remained in assertedly illegal custody for a 37-day period. This Court has always deplored the fact of William's prolonged detention, but that is not really relevant to the current issue--the existence or nonexistence of the remaining defendants' liability (1) for that detention and (2) for certain occurrences that took place during the detention period. In that respect Longo has filed a Third Amended Complaint ("TAC"), and the parties have briefed the motion of the remaining defendants--those affiliated with the Illinois Department of Corrections ("Department")--for their dismissal.

As the Court of Appeals had occasion to observe in last

year's appeal in this case (547 F.3d 869, 874), "Attorney Longo confused matters terribly," and that continues to be the case (though perhaps to a lesser extent) in the current submissions. To put matters in their proper procedural focus, therefore, it should first be confirmed (1) that the City of Chicago and its personnel have previously been dismissed as defendants (see this Court's March 2 and March 12, 2009 memorandum orders), (2) that former coplaintiff Adam is also out of the case (see this Court's April 3, 2009 memorandum order) and (3) that Department Director Roger Walker--sued, like all other Department defendants, in his individual capacity--has been dismissed out on qualified immunity grounds (see this Court's May 1, 2009 memorandum order). That then sets the stage for consideration of the claims against the remaining Department defendants, as set out in the TAC.

In that regard Longo has not responded to the motion to dismiss defendants Brown and Alexander, neither of whom has ever been served in the four years since the action was brought. For the reasons stated in defense counsel's motion for their dismissal, that portion of defendants' motion is granted and the action is dismissed as to those two defendants.

Next, as to William's wrongful detention claim against the remaining Department defendants, our Court of Appeals said this in the earlier appeal (547 F.3d at 871):

> From the moment of his arrest William Atkins
> steadfastly denied that he was the William Atkins named

> in the warrant. He was released from the Department's
> custody after 37 days. He brought this suit against
> the arresting officers, prison guards, and others,
> mainly contending that the Department lacks proper
> procedures for determining mistaken identification, but
> also claiming that his arrest was illegal and that he
> was mistreated while at Joliet.
>
> Although he complained about the misidentification to
> guards and other staff at Joliet, he did not ask to
> contact a lawyer, or seek to challenge his confinement
> as he could have done by petitioning for habeas corpus
> under state law, 735 ILCS 5/10-101 et seq.; if he
> struck out he could then (since his federal
> constitutional rights had arguably been violated) ask
> for federal habeas corpus. 28 U.S.C. §2241(c)(3). The
> availability of judicial remedies for a mistaken
> incarceration is important because prisons would be
> rendered unmanageable if, as the plaintiff contends,
> prison guards and miscellaneous prison staff have a
> constitutional duty, even when there are adequate
> formal remedies against unjustified imprisonment, to
> investigate a prisoner's claim of misidentification.

This Court will take the Court of Appeals at its word on that score, despite Longo's attempt to characterize that analysis not only as dictum but as incorrect dictum as well.[1] In that regard, the short answer is that at a minimum the Court of Appeals' analysis, even if not viewed as directly binding on this Court, surely demonstrates that the doctrine of qualified immunity calls for dismissal--for the quoted language shows that no clearly established constitutional right of William's was violated by the

---

[1] Among other flaws in Longo's arguments, it is simply wrong for him to try to distinguish the analysis in the text-quoted language by pointing to the fact that not all of the Department defendants are "prison guards and miscellaneous prison staff"--the same principles articulated by the Court of Appeals apply to all Department defendants.

detention (as regrettable as it may have been).

That leaves for consideration only the TAC's allegations about William having swallowed an earring and then having been kept under observation until he defecated it into what Longo continually refers to as a "green pale." That mistaken spelling may of course be a Freudian slip, for Longo certainly does view the conduct involved as beyond the pale.

In any case, the requirement that William evacuate the earring would scarcely appear to qualify as a constitutional violation, under either an Eighth-Amendment-type standard or any other potentially applicable criterion. But the parties' memoranda have really not met head on as to whether the conditions imposed on William until he did so (see TAC ¶¶10, 12 and 17-21) impinged on his constitutional rights.

Accordingly both sides' counsel will be expected to address that last question at the next status hearing, currently set for 8:45 a.m. June 25. This Court will then determine what remaining procedures are called for.

                                                   _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: June 23, 2009